# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **GLENIS WHITE and CHARLES PENDLETON, individually and as guardians for JOHN BANKS and DANIELLE PENDLETON, on behalf of themselves and all other persons similarly situated,**<br><br>     **Plaintiffs,**<br><br>   v.<br><br>**HUMANA HEALTH PLAN, INC., and ACS RECOVERY SERVICES, INC., f/k/a PRIMAX RECOVERIES, INC., d/b/a PRIMAX RECOVERIES,**<br><br>     **Defendants.** | **Case No. 06 C 5546**<br><br>**Hon. Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Glenis White (hereinafter, "White") and Charles Pendleton (hereinafter, "Pendleton") brought this Motion to Remand on behalf of themselves and as guardians for minor Plaintiffs John Banks and Danielle Pendleton (hereinafter "the Minor Plaintiffs")(collectively, the "Plaintiffs"). Defendants Humana Health Plan, Inc. (hereinafter, "Humana") and ACS Recovery Services (hereinafter, "ACS") have brought a Motion to Dismiss. Plaintiffs' Motion is denied. Humana's and ACS's Motion is granted.

### I. BACKGROUND

The following facts were gleaned from the Complaint and Notice of Removal. This recitation of the facts has been deliberately kept simple; further elaboration will be provided as necessary.

On October 25, 2002, the Minor Plaintiffs and their mother, White, were involved in an automobile accident. At this time, the minors were covered dependents of Pendleton (their father) under a health insurance policy issued by Humana to Pendleton's employer, Evanston Northwestern Healthcare (hereinafter, "ENH"). This policy, the Humana HMO Plan (hereinafter, "the Plan"), was part of ENH's employee welfare benefits plan. Humana paid the Minor Plaintiffs' medical expenses related to the accident.

Under the Plan's insuring agreement, Humana was "subrogated to all rights of recovery the member has and . . . [could] assert such rights independent of the member." Primax Recoveries, Inc. (hereinafter, "Primax") is the predecessor of ACS and is Humana's agent for the purposes of recovering payments of medical benefits from tort claim recoveries. After Humana paid the Minor Plaintiffs' medical expenses, Primax filed a lien for the recovery of the medical payments made by Humana on the Minor Plaintiffs' behalf. As a result, the Minor Plaintiffs' settlements (in the amounts of $622.00 and $142.00) included the name of Primax as an additional payee.

The Complaint alleges that the subrogation provision is unlawful as applied to the Minor Plaintiffs' settlements because Illinois law provides that a parent is liable for a minor's medical expenses. As such, Plaintiffs assert that under Illinois law, Humana and Primax cannot obtain reimbursement for medical expenses

out of the Minor Plaintiffs' settlements, but must obtain reimbursement from the Minor Plaintiffs' parents by other means.

## II. THE MOTION TO REMAND

Plaintiffs assert that (1) Humana's notice of removal was insufficient and (2) Humana cannot satisfy the three-prong test for complete preemption under ERISA § 502(a).

### A. Standard

Under 28 U.S.C. § 1441, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court . . . " The removing party must file a signed removal notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446. Federal courts require only notice pleading. *Charter School of Pine Grove, Inc. v. St. Helena Parish School Bd.,* 417 F.3d 444, 447 (5th Cir. 2005) (applying notice pleading standard to notices of removal). The court need only be provided with the facts from which removal jurisdiction can be determined. 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure*, § 3733 (3d Ed. 2006).

If, however, it "the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party removing the case to federal court (and thus invoking federal jurisdiction) bears the burden of demonstrating that

federal jurisdiction exists. *Hart v. FedEx Ground Package System, Inc.,* 457 F.3d 675, 679 (7th Cir. 2006). District courts interpret the removal statute narrowly and presume that the plaintiff may choose his forum; there is a strong presumption in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

### B. Discussion

In the removal petition, Humana asserted federal question jurisdiction on the basis that all "Plaintiffs' claims against Humana . . . relate to an employee welfare benefit plan . . . and are completely preempted by the Employee Retirement Income Security Act of 1974," codified at 29 U.S.C. § 1001, *et seq.*

When a defendant removes a case to federal court asserting that ERISA creates a basis for federal question jurisdiction, the determination whether jurisdiction exists "is based upon the well-pleaded complaint rule, the ERISA 'complete preemption' exception to that rule, and the defense of 'conflict preemption' under ERISA." *Speciale v. Seybold*, 147 F.3d 612. 614 (7th Cir. 1998). Normally, a court determines whether there is federal question jurisdiction by examining the complaint; a defensive argument that entails a federal question does not overcome the well-pleaded complaint rule. *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995).

However, an exception to this rule exists where Congress has completely preempted an area of state law. *See Avco Corp. v. Aero Lodge No. 735, Intern. Ass'n of Machinists and Aerospace Workers,*

390 U.S. 557 (1968). Where the complete preemption exception applies, a plaintiff's "state claim is properly 'recharacterized' as one arising under federal law." *Rice*, 65 F.3d at 639. All state actions that fall within ERISA § 502(a) are completely preempted and thus come within the original jurisdiction of the federal courts. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). Therefore, such cases may be removed even if the plaintiff's complaint never mentions § 502(a).

Unlike complete preemption, conflict preemption posits that any state law relating to an ERISA-governed employee benefits plan is preempted by ERISA, but does not confer federal question jurisdiction. *Traynor v. O'Neil*, 94 F.Supp. 2d 1016, 1021 (W.D. Wis. 2000). Claims that cannot be recharacterized as arising under § 502(a) but merely "relate to" an ERISA plan under § 514(a), thus must be remanded to state court if they have been removed. *Id.*

Thus, this Court must determine whether Plaintiffs' claim may be fairly recharacterized as arising under § 502(a). Section 502(a) "empowers plan participants to bring suit to recover benefits, to enforce rights and to clarify rights to future benefits under the terms of an ERISA-governed benefit plan." *Id.* Plaintiffs' claims are governed by § 502(a) if (1) Plaintiffs are eligible to bring a claim under § 502(a) as a participant or beneficiary of a plan covered by ERISA; (2) any one of the causes of action fall within a provision of ERISA that could be enforced

using § 502(a); and (3) the state law claims cannot be resolved without an interpretation of a contract that is governed by ERISA. *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996).

Plaintiff argues that Humana's notice of removal is insufficient because it fails to identify the *Jass* test. Traditional rules of notice pleading apply to notices of removal. *Charter School*, 417 F.3d at 447. As such, the removing party must plead facts, not legal theories. *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997)("matching facts to a legal theory was an aspect of code pleading interred in 1938"). In its removal notice, Humana asserts that (1) Pendleton, White, and the Minor Plaintiffs were beneficiaries of an ERISA qualifying HMO Plan, (2) by seeking amounts due and owing from a third-party free and clear of Humana's claim of subrogation, Plaintiffs seek to recover benefits due under an ERISA plan, and (3) Plaintiffs' claims relate to the subrogation provision included in the HMO Plan's contract. As such, Humana alleges sufficient facts to meet the notice pleading standard and the notice of removal is therefore sufficient.

Plaintiffs also argue that Humana cannot satisfy the *Jass* test; this Court disagrees. Plaintiffs do not seriously contest that the Plan is an ERISA plan. It appears clear from the pleadings that ENH purchased the HMO coverage from Humana for the

purpose of providing eligible employees with health insurance. *See* 29 U.S.C. § 1002(1)(A). The pleadings also establish that Pendleton, White, and the Minor Plaintiffs were enrolled in the Plan at the relevant times. As such, Plaintiffs are eligible to make a § 502(a) claim. This is sufficient to meet the first prong. *See Traynor*, 94 F.Supp. 2d at 1021. Although Plaintiffs assert that Humana has not demonstrated various things, including that the HMO Plan paid for the Minor Plaintiffs' medical bills (although the complaint alleges this fact), they cite no cases suggesting that anything more must be established to meet this prong.

The second prong is also satisfied. There are two lines of relevant cases to which this Court has been directed by the parties. In the first line of cases, courts in this circuit have held that a federal district court has no jurisdiction over cases similar to, but distinguishable from, the one here. In the second line of cases, courts outside this circuit have held that there was complete preemption in cases nearly identical to this one. Defendants argue that the Seventh Circuit has indicated that it would follow these out-of-circuit cases, should the right facts arise.

The Plaintiffs have directed this Court to *Blackburn v. Sundstrand Corp.*, 115 F.3d 493 (7th Cir. 1997) and *Speciale v. Seybold*, 147 F.3d 612 (7th Cir. 1998)(as well as their progeny). In *Blackburn*, the plaintiffs were injured in an automobile accident

and an ERISA-covered health plan provider paid for their medical care. *Blackburn*, 115 F.3d at 495. The plaintiffs filed a suit against the tortfeasor and obtained a settlement, but the provider placed a lien on the settlement pursuant to a subrogation clause. *Id.* The plaintiffs' lawyer also claimed a portion of the funds, so the plaintiffs filed a petition to apportion the fund in state court. *Id.* The Seventh Circuit reversed the district court's holding that there was federal jurisdiction, holding that "the civil action was the tort suit by the Blackburns against the other driver, which assuredly did not arise under the Constitution, treaties, or laws of the United States. Not even the most expansive reading of ERISA covers motor vehicle collisions, just because part of the recovery may inure to the benefit of the plan. The petition to apportion the fund involved the ancillary jurisdiction of the state court and was part of that original non-removable action." *Id.* at 494.

In *Speciale*, the facts were basically identical. Again, there was an automobile accident after which an ERISA health plan paid the plaintiff's medical bills. *Speciale*, 147 F.3d at 614. After the plaintiff obtained a settlement and several parties made claims to the settlement, the plaintiff requested a state court to apportion the fund. *Id.* The Seventh Circuit again reversed the district court's decision denying remand. *Id.* This time, the Seventh Circuit noted that although the plaintiff was entitled to

bring a claim under § 502(a), her claim did not fall within the scope of ERISA or require an interpretation of a contract governed by federal law.

Defendants point this Court to a line of cases including *Arana v. Ochsner Health Plan,* 338 F.3d 433 (5th Cir. 2003); *Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278 (4th Cir. 2003); and *Levine v. United Healthcare Corp.,* 402 F.3d 156 (3d Cir. 2005). In *Arana*, the Fifth District held that federal courts did have jurisdiction over a case challenging the legality of a subrogation clause. *Arana*, 338 F.3d 433. The *Arana* plaintiff was injured in an automobile accident and an ERISA health plan paid his medical expenses. *Id.* at 435. After the plaintiff obtained a settlement, the provider claimed a right to reimbursement under a subrogation clause. *Id.* The plaintiff sued the provider in state court, seeking a declaratory judgment that the provider could not obtain reimbursement. *Id.* The Fifth Circuit held that a federal district court had jurisdiction as the plaintiff sought to recover benefits due to him under the provisions of his ERISA covered plan: "It could be said, then, that although the benefits have already been paid, [plaintiff] has not fully 'recovered' them because he has not obtained the benefits free and clear of [the provider's] claims. Alternatively, one could say that [plaintiff] seeks to enforce his rights under the terms of the plan, for he seeks to determine his entitlement to retain the benefits based on the terms of the plan."

*Id.* at 438. *Singh* and *Levine* reached similar holdings under similar facts. *Singh,* 335 F.3d 278; *Levine,* 402 F.3d 156.

"It would generally be an abuse of discretion for a district court to follow out-of-circuit precedent which conflicts with binding precedent from its own circuit." *Hart v. Wal-Mart Stores, Inc. Associates' Health and Welfare Plan*, 360 F.3d 674 (7th Cir. 2004). But Humana argues that the Seventh Circuit has explicitly distinguished *Arana* and its progeny from *Blackburn* and its progeny, thereby indicating that if a case like *Arana* to arise, the district court would have jurisdiction.

*Hart* is factually identical to *Blackburn and Speciale*. Again, a plaintiff was injured in an automobile accident and an ERISA health plan paid the medical bills; subsequently, the provider claimed a right of reimbursement under a subrogation clause and placed a lien on the plaintiff's settlement. *Hart*, 360 F.3d 674. Again, the plaintiff requested that a state court apportion the settlement. *Id.* The removing defendant appealed the district court's decision to remand, arguing that the district court was incorrect in light of *Arana* and *Singh*. *Hart*, 360 F.3d at 680. The Seventh Circuit, however, distinguished *Arana* and *Singh*, finding that in these cases "it was clear from the face of the complaint that the plaintiffs were challenging the plan's right to subrogation rather than simply seek[ing] to apportion the settlement fund." *Id.* The Seventh Circuit further noted that just

because the *Hart* plaintiff "implicitly challenge[d]" the provider's right to subrogation, no authority suggested that this was sufficient for subject jurisdiction. *Id.*

This Court elects to follow *Arana* and its progeny based on the implicit authority of the Seventh Circuit. Like *Arana*, this case is factually distinguishable from *Hart, Blackburn*, and *Speciale*. Plaintiffs' claim here is not brought pursuant to an action to apportion a settlement. Instead, Plaintiff explicitly challenges the legality of the Plan's subrogation provision and the resulting liens in light of Illinois law and policy. As in *Arana*, Plaintiffs seek "to enforce [their] rights under the terms of the plan, for he seeks to determine his entitlement to retain the benefits based on the terms of the plan." *Arana*, 338 F.3d at 438. By distinguishing *Arana* and its progeny on these grounds in *Hart*, the Seventh Circuit indicated that it likely would follow *Arana* were a comparable case to arise. Now that one has, this Court believes that it is proper to follow the path that *Hart* pointed out. Thus, this Court finds that the second *Jass* prong has been met.

Plaintiffs' reply raises one additional argument that this Court believes it should address – that Plaintiffs' suit does not seek benefits from the Plan because Plaintiffs do not contest Humana's right to reimbursement, merely the method in which Humana has chosen to assert that right. While it appears correct that Plaintiffs do not contest Humana's right to reimbursement (provided

that reimbursement is obtained from the parents, as Illinois law clearly allows), it does directly challenge the validity of the Plan's subrogation provision which provides otherwise, and thus is a suit to enforce the Minor Plaintiffs' rights under the Plan. The Plaintiffs seek to have the liens on the Minor Plaintiffs' settlements declared void and thus to provide the Minor Plaintiffs' with full entitlement to those settlements - and is therefore a suit seeking benefits due under an ERISA plan.

This Court also finds that Humana has met the third *Jass* prong - that their the state law claims cannot be resolved without an interpretation of a contract governed by ERISA. In deciding this case, a court would have to first construe the plan to determine whether the Illinois law applied to it, and then determine what the effect of the Illinois law might be. *See Kaszula v. Parker*, 1997 WL 106267 (N.D. Ill. Feb. 13, 1997). Plaintiffs' complaint alleges that "Humana's practice of placing liens on the Minor Plaintiffs' tortfeasor recoveries is not specifically authorized in the language of said insurance policies"; Plaintiffs thus essentially admit that its suit requires interpretation of the Plan's contract.

Because this Court finds that each of the three *Jass* prongs have been met, this case arises under § 502(a) of ERISA, and subject matter jurisdiction is proper.

## III. THE MOTIONS TO DISMISS

Because this Court has determined that it has jurisdiction and that remanding this case would be improper, it must now address Defendants Humana and ACS's Motions to Dismiss. (ACS's Motion adopted Humana's Motion to Dismiss.)

### A. Mootness

Humana argues that its September 28, 2006 offer to satisfy Plaintiffs' claims by payment of $5,000.00 (plus applicable interest, attorneys' fees, and reasonable costs incurred) moots this case.

Article III of the United States Constitution limits the jurisdiction of the federal courts to so-called "cases and controversies." *U.S. Const. Art. III § 2*; *Flast v. Cohen*, 392 U.S. 83, 94 (1968). When the issues a case presents are no longer "live" or the parties no longer have a cognizable interest in the outcome, the case becomes moot and the court no longer has subject matter jurisdiction. *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979). A plaintiff retains no personal interest in the outcome of litigation where the defendant has offered complete relief of the plaintiff's claims; such an offer will generally moot the plaintiff's claim. *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991). "You cannot persist in suing after you've won."

*Greisz v. Household Bank (Illinois)*, 176 F.3d 1012, 1015 (7th Cir. 1999).

This doctrine's application in the class action scenario is more complicated, as the plaintiff seeks to represent a class of individuals. In such cases, an offer's effect depends on its timing: offers received before a motion for class certification is filed moot the case, but offers received after the motion has been filed do not. *Griesz*, 176 F.3d at 1015; *Holstein*, 29 F.3d at 1147; *Wiskur v. Short Term Loans LLC*, 94 F.Supp. 2d 937 (N.D. Ill. 2000). In *Wiskur*, a plaintiff brought a putative class action suit alleging Truth in Lending Act violations. *Wiskur*, 94 F.Supp. 2d at 938. Before the plaintiff had filed a motion for class certification, the defendants served the plaintiff with an offer of judgment. *Id.* Although the plaintiff let that offer lapse, it was enough to moot the case, as plaintiff did not yet represent the putative class. *Id.*

On September 28, 2006, Humana offered Plaintiffs $5,000.00, plus applicable interest, reasonable attorneys' fees, and reasonable costs incurred in connection with the Complaint. Humana also offered to refrain from asserting its subrogation rights with respect to the Minor Plaintiffs in the future, if the Minor Plaintiffs were participants or beneficiaries of the Plan. Plaintiffs seek to have liens in the amounts of $622.00 and $142.00 released. As such, the $5,000.00 offer was significantly in excess

of their monetary claims and the offer of injunctive relief (were Plaintiffs entitled to it) satisfies the Plaintiffs' demands for an injunction. Plaintiffs filed a motion for class certification with the state court (prior to removal) on October 3, 2006, after Humana made its offer. As such, *Wiskur* controls and this Court must dismiss this case for lack of subject matter jurisdiction.

Plaintiffs argue that because the complaint requested class certification prior to Defendants' offer, their claim is not mooted. The Seventh Circuit stated in *Greisz* that "an offer to one is not an offer of the *entire* relief sought by the suit . . . unless the offer comes before class certification is sought." *Greisz*, 176 F.3d at 1015. While it is true that Plaintiffs' complaint requested class certification, *Wiskur* indicates that it is the motion for class certification that is of import. *Wiskur*, 94 F.Supp. 2d 937; *see also Brighton v. Nextel*, 2002 WL 31870147 at *1 n.2 (N.D. Ill. Dec. 17, 2002) ("the mere filing of a complaint purportedly on behalf of a class does not preclude the possibility of mooting a claim until class certification is requested and subsequently denied"). In *Wiskur*, an offer mooted the plaintiff's stated claims. *Wiskur*, 94 F.Supp. 2d 937. After the court was led to believe the plaintiff had additional claims, the plaintiff was granted leave to amend her complaint. *Id.* The plaintiff filed a new complaint and immediately filed a motion for class certification "obviously attempting to

avoid the situation in which [she] had found herself" when the defendant made its first offer. *Id.* at 939. If requesting class certification in the complaint were sufficient, then the *Wiskur* plaintiff would not have needed to immediately file a motion for class certification.

Plaintiffs' argument makes some logical sense. The rule, as it stands presently, does permit a defendant to "pick off" plaintiffs one by one, if offers are made before motions for class certification are filed. *Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 339 (1980). This could cause some waste of judicial resources if the same class action suit was brought repeatedly with different plaintiffs, only to be mooted time and time again. This can be avoided – as the *Wiskur* plaintiff recognized – by filing a motion for class certification immediately. Plaintiffs correctly point out that the Third Circuit has ruled differently, holding that once a class certification motion was filed, it would relate back to the complaint under the relation back doctrine. *See Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004). What Plaintiffs ignore is that the Seventh Circuit has not so held and has, in fact, espoused a conflicting rule. As such, this Court cannot follow the Third Circuit. *See Hart,* 360 F.3d 674 (7th Cir. 2004).

Lastly, Plaintiffs argue that Humana's offer was not sufficient to moot their request for injunctive relief. Humana

offered injunctive relief - to refrain from placing liens on the Minor Plaintiffs' settlements in the future - if it were discovered that the Plaintiffs were eligible for such injunctive relief as participants or beneficiaries of the Plan. This Court is under no illusion that Humana's offer addresses the claims of the putative class members. Because a motion for class certification had not been filed at the time the offer was made, the injunctive relief requested for the putative class members cannot be considered by this Court – just as the putative class members' potential monetary relief cannot be considered.

Thus, because Humana's offer fully satisfied Plaintiffs' requested relief and it was made before Plaintiffs had filed a motion for class certification, this case is moot.

## IV. CONCLUSION

For the reasons stated herein, the Court rules as follows: (1) Plaintiffs' Motion for Remand is **denied**; (2) Humana's and ACS's Motions to Dismiss are **granted**; and (3) therefore, this case is dismissed.

**IT IS SO ORDERED.**

											 _____
											 Harry D. Leinenweber, Judge
											 United States District Court

Dated: May 2, 2007